IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RICHARD MANN III, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:13-CV-464-Y |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The Findings, Conclusions and Recommendations of the United

States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A.  Nature of the Case

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

#### B.  Parties

Petitioner Richard Mann III, TDCJ #687064, is a state prisoner in custody of the Texas

Department of Criminal Justice, Correctional Institutions Division (TDCJ), in Beaumont, Texas.

Respondent William Stephens is the Director of TDCJ.

## C. Procedural History

On February 8, 1994, pursuant to a plea bargain agreement, petitioner pleaded guilty to robbery by threats and was sentenced to 23 years' confinement in the 297th District Court of Tarrant County, Texas, Case No. 0527947D. (SHR at 56[1]) On July 3, 2001, petitioner was released on parole, and, on April 19, 2011, his parole was revoked, forfeiting 8-years and 4-days of calendar "street time" under § 508.283(b) based on his current conviction of robbery by threats. (Resp't Ans., Ex. A) Petitioner remains incarcerated with a maximum expiration date of October 15, 2024. (*Id.*)

Petitioner raises two grounds for relief in which he claims (1) he is entitled to his street time while on parole, and (2) TDCJ changed his maximum expiration date from October 12, 2016, to October 15, 2024, in breach of the original sentencing agreement in the plea bargain contract. (Pet. at 6; Pet'r Mem. at 1-7)

As to petitioner's time-credit claim, TDCJ received a Time Dispute Resolution Form from petitioner on June 10, 2011, and responded to petitioner on October 27, 2011, that there was no error in his current time calculations. (Resp't Ans., Ex. A) Petitioner also raised his time-credit claim in a state postconviction habeas application, filed on May 3, 2012,[2] which the Texas Court of Criminal Appeals denied on July 11, 2012, without written order on the findings of the trial court. (SHR at

---

[1]"SHR" refers to the court record in petitioner's state habeas application no. WR-77,851-01.

[2]Petitioner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 2013 WL 809246 (5th Cir. Mar. 5, 2013). The form application does not provide a place to indicate the date it was placed in the prison mailing system, however petitioner indicated on the envelope in which it was mailed that it was "mailed out May 3, 2012." (SHR at 22) Therefore, for purposes of these findings, the undersigned deems the state application filed on May 3, 2012.

2

cover, 30-33)  Petitioner's breach of contract claim is raised for the first time in this federal habeas

petition, which was filed on June 5, 2013.[3]

Respondent claims the petition is time-barred or, in the alternative,  petitioner's first claim

is without merit and his second claim is unexhausted and procedurally barred.  (Resp't Ans. at 7-14)

### D.  Statute of Limitations

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal

habeas corpus relief.  28 U.S.C. § 2244(d).  Specifically, § 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[3]A federal pro se habeas petition is also typically deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner  does not indicate in the petition the date he placed the petition in the prison mailing system, however the envelope in which he mailed the petition reflects a postmark of June 5, 2013.  Thus, for purposes of this proceeding, petitioner's federal petition is deemed filed on June 5, 2013.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

  In the context of parole-revocation proceedings and the resultant loss or denial of various time credits, subsection (D) governs when the limitations period begins to run, *viz.,* the date on which a petitioner could have discovered, through the exercise of due diligence, the factual predicate of his claims. *Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010). Clearly, any claims regarding TDCJ's sentence calculation and denial of street time credit following the April 19, 2011, revocation could have been discovered through the exercise of due diligence at that time or shortly thereafter.[4] Thus, it was necessary for petitioner to raise his claims in a federal petition filed on or before April 19, 2012, subject to statutory or equitable tolling.

  The limitations period was statutorily tolled 140 days during the pendency of petitioner's time credit dispute resolution request, June 10, 2011, through October 27, 2011, and 70 days during the pendency of petitioner's state habeas application, May 3, 2012, through July 11, 2012. 28 U.S.C. § 2244(d)(2); *Stone*, 614 F.3d. at 138-39. Therefore, applying statutory tolling, petitioner's federal petition was due on or before November 15, 2012.

  Petitioner has not, however, alleged or demonstrated circumstances that prevented him from filing a timely petition to warrant equitable tolling. Equitable tolling of the statute of limitations is

---

  [4]Petitioner argues that, under 2244(d)(1)(A), "[a]ny brand new "Writ Writer" in the penitentiary learns he has one year from the final date of any proceeding, and/or review to seek federal relief." (Pet'r Reply at 1) As such, petitioner asserts he had year from the date his state habeas application was denied by the Texas Court of Criminal Appeals on July 11, 2012, to file a timely federal petition, or until July 11, 2013. This argument is flawed because under 2244(d)(2), the limitations period is tolled only during the *pendency* of petitioner's state habeas application.

permitted only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland v. Florida,* 560 U.S. 631, 130 S. Ct. 2549, 2560-62 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). The petitioner bears the burden of establishing entitlement to equitable tolling. *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000). Petitioner does not assert he was actively misled by state authorities or that he was prevented in some extraordinary way from pursuing his rights. Thus, equitable tolling is not warranted in this case.

Petitioner's federal petition was due on or before November 15, 2012. Accordingly, his petition filed on June 5, 2013, is untimely.

## II. RECOMMENDATION

It is therefore recommended that this petition for writ of habeas corpus be dismissed with prejudice as time-barred.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February ____11____, 2014. In order to be specific, an objection must identify

the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until February ___11___, 2014, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January ___21___, 2014.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

6